**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

NYJEE L. BOYD,
    Plaintiff,

v.

CORPORAL GENTILE, et al.,
    Defendants.

**DECISION AND ORDER**
16-cv-6649

Pro se plaintiff Nyjee Boyd filed this action under 42 U.S.C. § 1983, alleging that the defendants, employees of the Monroe County Jail, violated his civil rights under the Eighth Amendment. See Compl. (Docket # 1). Currently pending before the Court is plaintiff's motion to appoint counsel. Docket # 44. In his motion, plaintiff argues that he needs court-appointed counsel because he lacks legal training, has limited access to the law library, and "the issues in this case are complex." See id. For the reasons that follow, plaintiff's motion is **denied without prejudice to renew.**

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). There are far more pro se cases in this district than there are attorneys to represent the litigants. Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28

1

U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's

2

ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

Plaintiff claims that on February 6, 2015, after being told he was not allowed to participate in recreation due to a medical injury, he was subjected to excessive force by prison guards. See Compl. (Docket # 1). Following this incident, during which he was allegedly injured, plaintiff claims that the nurse at the facility denied him medical care and attention. See id. Plaintiff's *pro se* complaint is clearly written and adequately describes the events that allegedly led to his injuries, even despite plaintiff's lack of legal training. In addition, plaintiff has filed several motions, all of which are well-written, easy to comprehend and contain appropriate legal citations to support his position and arguments. At this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and proceed with this litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case").

Given the limited resources available with respect to *pro bono* counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL

3

15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Discovery is underway and plaintiff seems to be capable of proceeding on his own. At this juncture, I do not see the need for appointment of counsel. Should he need to, plaintiff may consult with the Western District's *pro se* office attorneys for questions on process and procedure. Plaintiff's motion to appoint counsel (Docket # 44) is **denied without prejudice to renew** later in this litigation.

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 12, 2019
Rochester, New York