**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

NYJEE L. BOYD,

           Plaintiff,

      v.

CORPORATE GENTILE, et al.,
           Defendants.
_____

**DECISION AND ORDER**
16-cv-6649

### Introduction

Currently pending before the Court is _pro se_ plaintiff Nyjee L. Boyd's ("plaintiff") motion to compel. See Docket # 46. For the following reasons, plaintiff's motion is **denied.**

### Factual Background

Plaintiff brought this action in 2016 pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights while he was a prisoner at the Monroe County Jail. See Compl. (Docket # 1). Specifically, plaintiff claims that on February 6, 2015, after being told he was not allowed to participate in recreation, he was subjected to excessive force by defendants Corporal Gentile and Deputy Peter Mofardin, prison guards at the Monroe County Jail. See id. at 7-8.[1] Following this incident, during which he allegedly sustained injuries, plaintiff

---

[1] Plaintiff's complaint is not separately paginated. Citations herein are to the page numbers that were generated when the complaint was uploaded to the Court's electronic case docketing system.

1

claims that defendant Nurse Joyce Pray denied him medical care and attention. See id. at 8.

Answers to the complaint were served in the Fall of 2017 and this Court issued a Case Management Order on November 1, 2017. See Docket # 18. The County defendants filed their Rule 26 disclosures on December 1, 2017. In his motion to compel, plaintiff alleges that on February 19, 2018 he served interrogatories and requests for production of documents on defense counsel. See Docket # 46. According to plaintiff, the County defendants did not respond to or object to his discovery requests in a timely fashion and on June 5, 2018, he wrote to defense counsel "pointing out that their responses were almost 4 months late" and demanding that "they respond immediately." Docket # 46 at 2. Two weeks later, the County defendants filed responses to plaintiff's discovery demands. See Docket # 43. In their responses, the County defendants replied to some of plaintiff's demands and objected to others. See Affirmation of Deputy County Att'y Mallorie C. Rulison, Esq. (Docket # 52) at ¶ 5. Plaintiff argues that the County defendants have waived any objections to his discovery demands by not responding to them in a timely manner. See Docket # 46 at 2. In response to this motion to compel, defense counsel argues that (1) plaintiff's motion to compel must be denied as moot because defendants have filed their responses and (2) plaintiff's motion to compel must be denied for plaintiff's

2

failure to certify that he made a good faith effort to resolve this discovery dispute before filing a motion to compel as required by Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure.[2]

## Discussion

Plaintiff appears to be correct that the County defendant responses to plaintiff's discovery demands were tardy and defense counsel is correct that plaintiff did not make a good faith effort to resolve this discovery dispute before filing his motion to compel. However, in the interest of judicial efficiency and in order to move this case forward, the Court will address the merits of the motion to compel.[3]

The County defendants Reponses to Interrogatories 1 and 2 and Requests for Production 1, 2, 4, 6, and 7, when considered in conjunction with their previously served mandatory disclosures, are adequate. As to Document Request 3, the County defendants must provide a further Response. It is well settled that prior complaints made against a defendant, whether substantiated or not, are discoverable in § 1983 civil rights actions so long as the

---

[2] Though defense counsel cites Rule 37(a)(2)(A) (Docket # 52 at ¶ 8), it is Rule 37(a)(1) that requires a certification of good faith effort to confer. Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

[3] Plaintiff's motion concerns the responses of the County defendants and does not reference defendant Pray. Counsel for Pray separately filed responses to Plaintiff's Interrogatories and Document Demand on July 16, 2018. See Docket # 50. Accordingly, the Court will assume plaintiff's present dispute is with the County defendants. See Docket # 47.

3

complaints are similar to the constitutional violations alleged in
the Complaint or are relevant to the defendant's truth or veracity.
See Chatman v. Felker, No. CIV S-03-2415 JAM KJM P., 2009 WL
173515, at *5-6 (E.D. Cal. Jan. 23, 2009); Session v. Rodriguez,
No. 3:03CV0943 (AWT), 2008 WL 2338123, at *2 (D. Conn. June 4,
2008); Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997).
Accordingly, and consistent with past practice in this Court,
defense counsel must (1) speak to her clients to ascertain whether
defendants have any personal recollection of a prior complaint or
grievance that may be responsive, and (2) review the defendants'
personnel files to determine whether any information contained
therein is responsive.    Responsive documents would be those
documents pertaining to previous allegations of excessive use of
force and denial of medical treatment and/or documents reflecting
adversely on the truth or veracity of the defendants.   The Court
directs that defense counsel file an affidavit with the Court
confirming that a good faith investigation has been conducted into
relevant prior complaints and disclosing the results of that
investigation.    If relevant documents are discovered but being
withheld from disclosure, counsel shall submit such documents to
the Court for in camera review.    Defendants shall produce the
documents set forth in this Order within **thirty (30) days** from
entry of this Order. In all other respects, plaintiff's motion to
compel further information sought in Document Request 3 is **denied**.

4

Plaintiff's motion to compel a Response to Document Request 5 is **denied**. Plaintiff has sued defendants for excessive force. There is no counterclaim alleging that defendants were injured. Unless the defendants plan on relying on, testifying about, or introducing evidence related to injuries they suffered at the hands of or caused by plaintiff, their records of medical treatment are irrelevant and privileged.

## Conclusion

Based on the foregoing, plaintiff's motion to compel (Docket # 46) is **denied in part and granted in part** as set forth above.

**IT IS SO ORDERED.**

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     March 18, 2019
           Rochester, New York